UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALAN SCHNEIDER, | ) | CASE NO. 1:15 CV 472 |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED PARCEL SERVICE, et al., | ) | |
| | ) | |
| Defendants.. | ) | |

    This case was originally filed in the Cuyahoga County Court of Common Pleas by Plaintiff Alan Schneider against Defendants United Parcel Service (UPS) and Teamsters Local 407. Defendants jointly removed the case to this Court on March 11, 2015, asserting that Plaintiff's claims for relief "necessarily require interpretation of the collective bargaining agreement governing his former employment and thus are preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185." Doc. #1, p.2.

    Plaintiff's brief Complaint, which is very difficult to decipher, sets forth general allegations that he was terminated from his employment with UPS in retaliation for "reporting certain unlawful activities," possibly involving a truck safety issue. He further alleges Local 407 did not protect him concerning a dispute about his time card. Finally, he alleges that: Defendants harassed and discriminated against him; a video camera used by UPS invaded his privacy; and, he was not permitted to retrieve personal belongings after he was terminated.

    Now before the Court is Defendants' joint Motion to Dismiss and Motion for Sanctions

(Doc #5), and Plaintiff's Motion to Remand and Dismiss the Teamster Local 407 (Doc # 8).[1] The Motion to Dismiss asserts Plaintiff's action is barred by the doctrine of *res judicata*, is preempted by federal law, and that he otherwise fails to state a valid claim for relief.

This Court takes notice of its own records in observing that Plaintiff filed an action in 2009 in this Court against these same Defendants concerning his termination from UPS, asserting violation of the collective bargaining agreement governing Plaintiff's employment. *Schneider v. Teamsters Local 407*, N.D. Ohio Case No. 1:09 CV 1749. That case was dismissed for failure to state a claim on May 27, 2010.

Defendants are correct that Plaintiff does not set forth an arguable claim for relief in the instant case - *see, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Fed.R.Civ.P. 8 pleading standard requires more than an unadorned, the defendant-harmed-me accusation) - and that any claim arising out of his 2009 termination is barred by the doctrine of *res judicata* in any event. *See, e.g., Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990) (*res judicata* bars relitigation of every issue actually brought before the court and every issue or defense that could have been raised in the previous action).

Accordingly, Defendants' Motion to Dismiss is granted. Their Motion for Sanctions and Motion to Transfer (Doc #7) are denied. Plaintiff's Motion to Remand is also denied. This action is dismissed.

IT IS SO ORDERED.


Dated: July 9, 2015                                          s/   *James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does not provide a substantive challenge to federal question jurisdiction over this case. Instead, he states simply that "the Statute of Limitations of six months causes the Federal Causes of action no longer to apply." Doc. #8.